# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| GERALD C. REDINGTON<br>815 Henson Street<br>Lena, IL  61406 | :<br>:<br>: |
| | :    **CASE NO.** _____ |
| and | : |
| | : |
| BENNETT TOLLER<br>181 Noel Avenue<br>Danville, VA 24541 | :<br>:<br>: |
| | : |
| on behalf of themselves and all other persons similarly situated; | :<br>: |
| | : |
| and | :    **COMPLAINT** |
| | :    **(Jury Demand Endorsed Hereon)** |
| UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO/CLC, Five Gateway Center Pittsburgh, PA 15222 | :<br>:<br>:<br>:<br>:<br>: |
| | : |
|       Plaintiffs | : |
| *vs*. | :<br>: |
| THE GOODYEAR TIRE & RUBBER COMPANY<br>c/o Corporation Service Company<br>50 W. Broad St.<br>Suite 1800<br>Columbus, OH 43215 | :<br>:<br>:<br>:<br>:<br>: |
| | : |
|       Defendant. | : |

Plaintiffs Gerald C. Redington and Bennett (Benny) Toller ("Class Representatives"), on behalf of themselves and all other persons in the proposed class described in this Complaint, and Plaintiff United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC ("Union"), by their respective attorneys, bring this action against Defendant, The Goodyear Tire & Rubber Company ("Goodyear") and aver as follows:

## INTRODUCTION

1.  This case is brought as a class action by the Class Representatives on behalf of themselves and a class of similarly situated retirees and surviving spouses ("Class Members," as defined in paragraph 15 of this Complaint), pursuant to Rule 23 of the Federal Rules of Civil Procedure, and by the Union.  The Union (or its predecessor unions) was the collective bargaining representative of former employees of Goodyear, including Class representatives Redington and Toller.  For purposes of this Complaint, "Goodyear" shall refer to Goodyear as well as to the Kelly Springfield Tire Company, Goodyear Dunlop Tires North America, Ltd., and the Dunlop Corporation, all of which were parties to collective bargaining agreements with the Union or its predecessor unions and for whose employees and/or former employees the Goodyear Tire & Rubber Company currently administers and provides retiree health care benefits.  Class Members consist of those individuals defined in Paragraph 15.  Plaintiffs bring this action to enforce collective bargaining agreements and employee welfare plans under which Retirees and their eligible dependents were to receive retiree health care benefits throughout retirement and Spouses were to receive benefits until death or remarriage, without any unilateral reductions by Goodyear.

2.  Over decades of service at Goodyear's tire and rubber facilities, the Retirees earned rights to receive retiree health care benefits.  Rights to these retirement benefits were

created through collective bargaining agreements ("labor agreements") between Goodyear and the Union (or its predecessor unions) that represented the Retirees while they were employed. The successive labor agreements contained provisions that established Goodyear's obligations to provide specified health care benefits to Retirees and their eligible dependents throughout retirement, and to Spouses until death or remarriage. Those benefits were to be provided by employee welfare plans (collectively the "Plan") established, maintained and administered by Goodyear. In violation of those obligations, Goodyear announced in the fall of 2006 that, beginning in 2007, Class Members must bear health care costs that, under the terms of the applicable labor agreements and Plan, Goodyear is obligated to bear.

3. Plaintiffs seek a declaration that the rights of the Class Members to retiree health care benefits provided under the labor agreements and the Plan cannot be unilaterally modified or terminated by Goodyear, a preliminary and permanent injunction prohibiting such modification or termination, and restitution to Class Members of any benefits that the injunction would require Goodyear to provide but which have not been provided.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 29 U.S.C. § 1331. The Court also has jurisdiction over Count I under § 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185, and over Count II under § 502(e)(1) and (f) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e)(1) and (f). Venue in this judicial district is proper under § 301 of the LMRA, 29 U.S.C. § 185, and § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## PARTIES

5. Goodyear is an Ohio corporation, is qualified to do business in Ohio and does business within this District, and is an employer engaged in commerce. Goodyear was first

incorporated in Ohio in 1898, and maintains its headquarters at 1144 East Market Street, Akron, Ohio 44315-0001.

6. Plaintiff Union is a labor organization with offices in this District, including offices in Akron, Ohio. In 1995, the United Rubber, Cork, Linoleum and Plastic Workers of America, AFL-CIO-CLC ("URW") – which had represented Goodyear bargaining unit employees for decades – merged into the Union's predecessor. For purposes of this Complaint, the term "Union" shall refer to the Plaintiff Union and its predecessors, including the URW.

7. Plaintiff and Class Representative Gerald C. Redington is an adult resident of Lena, Illinois. Until he retired in 2004, Plaintiff Redington worked for Goodyear at its Freeport, Illinois plant (subsequently acquired by Titan Tire Company) where he was a member of a bargaining unit represented by the Union. Under the terms of the applicable collective bargaining agreements between Goodyear and the Union, Plaintiff Redington and his eligible dependents are entitled to retiree health care benefits as set forth in this Complaint.

8. Plaintiff and Class Representative Bennett (Benny) Toller is an adult resident of Danville, Virginia. Until he retired in 2005, Plaintiff Toller worked for Goodyear at its Danville, Virginia plant where he was a member of a bargaining unit represented by the Union. Under the terms of the collective bargaining agreements between Goodyear and the Union, Plaintiff Toller and his eligible dependents are entitled to retiree health care benefits as set forth in this Complaint.

## STATEMENT OF FACTS

9. The health care benefits to be provided by Goodyear to Class Members have been described in and provided through successive labor agreements between Goodyear and the Union.

10. Each of the successive labor agreements promised that specified benefits would be provided to Retirees and their eligible dependents throughout retirement and to Spouses until death or remarriage.

11. Goodyear maintained the Plan to provide the aforesaid health care benefits to Retirees and Spouses. The Plan provided that Retirees and their eligible dependents would receive specified health care benefits throughout retirement and that Spouses would receive specified health care benefits until death or remarriage, in accordance with the terms of the applicable labor agreements.

12. At the time when Class Members' rights to health care benefits were already earned and vested, Goodyear violated those rights by announcing in the fall of 2006 that it would shift a large part of the cost of such benefits from itself to the Class Members.

13. Goodyear also advised the Union that it believed it was entitled to reduce – or even to eliminate – the health care benefits provided to Class Members.

14. Goodyear thus has breached its obligations to Class Members under the labor agreements and the Plan.

15. Class Representatives bring this class action on behalf of themselves and the following Class (collectively, the "Class Members"):

    a. Retirees who were represented by the Union in collective bargaining and who retired from a Goodyear bargaining unit listed in Attachment 1 to this Complaint having satisfied the requirements to receive retiree health care benefits specified in the applicable collective bargaining agreements and

    b. Spouses of Retirees and of former long-term employees of Goodyear in those bargaining units who died during the period of their employment who also satisfied the requirements to receive such benefits.

5

16. The exact number of Class Members is not presently known, but, on information and belief, is in excess of 30,000 and is so numerous that joinder of the individual members in this action is impracticable.

17. There are common questions of law and fact in this action that relate to and affect Class Members, as set forth in Counts I and II of this Complaint. The health care benefits to which Class Members are entitled pursuant to the labor agreements are similar, and all benefits were meant to last throughout retirement, or in the case of Spouses, until death or remarriage, without any unilateral reductions by Goodyear.

18. The relief sought is common to all Class Members, as set forth below in the "Relief Requested" section of this Complaint.

19. The claims of the Class Representatives are typical of the claims of the Class Members they seek to represent, in that all of them assert that Goodyear is obligated under LMRA § 301 and ERISA to provide health care benefits to Retirees and their eligible dependents throughout a Retiree's retirement, and to Spouses until death or remarriage, as set forth in labor agreements between the Union and Goodyear, and that Goodyear cannot unilaterally reduce those benefits. There is no conflict between any Class Representative and other members of the Class with respect to this action.

20. The Class Representatives are able to, and will, fairly and adequately protect the interests of the Class Members. The attorneys for the Class Representatives are experienced and capable in the fields of labor law, employee benefits law and class action law, and will adequately represent the Class Members.

21. This action is properly maintained as a class action under FRCP Rule 23(b)(2), in that Goodyear has acted on grounds generally applicable to the Class by deciding unilaterally to change health care benefits it is obligated to provide to Class Members, thereby making final

injunctive relief or corresponding declaratory relief appropriate with respect to the Class as a whole.

## COUNT I
### Violation of Labor Agreements Actionable Under
### Section 301 of the LMRA

22. Paragraphs 1 through 21 are re-alleged and incorporated herein by reference.

23. Health care benefits for the Class Representatives and Class Members were the subject of labor agreements between Goodyear and the Union. Under those labor agreements, Retirees had rights to receive specified retiree health care benefits throughout retirement and Spouses had rights to receive specified benefits until death or remarriage, without being required to pay the costs Goodyear has announced that it will impose on them. Goodyear's decision to shift those costs to the Class Representatives and Class Members violates those rights.

24. Accordingly, Goodyear has breached collectively bargained obligations owed to the Union, Class Representatives and Class Members, and that breach is actionable under Section 301 of the LMRA, 29 U.S.C. § 185(a).

## COUNT II
### Violation of Employee Welfare Benefit Plan Actionable Under
### ERISA § 502(a)(1)(B) and (a)(3)

25. Paragraphs 1 through 24 are re-alleged and incorporated herein by reference.

26. By taking the actions described above, Goodyear violated the rights of the Class Representatives and other Class Members under the Plan. Specifically, under the Plan's governing documents (including collective bargaining agreements), the rights of the Class Representatives and Class Members to retiree health care benefits were vested and not subject to reduction by Goodyear throughout retirement (for Retirees) and until death or remarriage (for

Spouses). Accordingly, Goodyear's recently announced unilateral reductions in those benefits infringe upon and are in derogation of those vested rights.

27. Goodyear's failure to provide benefits as required by the Plan is actionable in this Court under ERISA § 502(a)(1)(B) and (a)(3), 29 U.S.C. § 1132(a)(1)(B) and (a)(3), which provide that a participant or beneficiary may bring a civil action "to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan," and further "to enjoin any act or practice which violates . . . the terms of the plan, or . . . to obtain other appropriate equitable relief . . . to redress such violations or . . . to enforce . . . the terms of the plan."

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Certify this action as a class action under Fed. R. Civ. P. 23(b)(2), appoint Plaintiffs Redington and Toller as Class Representatives, and appoint Joseph M. Sellers, Marc I. Machiz and Karen L. Handorf of Cohen Milstein Hausfeld & Toll, P.L.L.C. and Jori Bloom Naegele and Thomas R. Theado of Gary, Naegele and Theado, LLC as counsel for the Class.

B Declare that the health care benefits for Class Members as they have been set forth in the applicable collective bargaining agreements between Goodyear and the Union, and in the Plan, may not be unilaterally modified or terminated by Goodyear.

C. Preliminarily and permanently enjoin Goodyear from modifying or terminating the benefits it is obligated to provide to the Class Representatives and Class Members under the terms of the applicable collective bargaining agreements and the Plan.

D. Award Class Representatives and Class Members restitution of any benefits that the injunction described in subparagraph C would require Goodyear to provide but which have not been provided.

E. Award Plaintiffs reasonable attorneys' fees and costs incurred in this action.

F. Grant such further relief as may be deemed necessary and proper.

## Jury Demand

Plaintiffs request a jury trial of all issues so triable.

Respectfully submitted,

Dated: July 3, 2007

_____
Jori Bloom Naegele (0019602)
jnaegele@gntlaw.com
Thomas R. Theado (0013937)
TomTheado@aol.com
GARY, NAEGELE & THEADO, LLC
446 Broadway Avenue
Lorain, Ohio 44052-1740
(440) 244-4809 (office)
(440) 244-3462 (fax)


Joseph M. Sellers *
jsellers@cmht.com
Marc I. Machiz *
mmachiz@cmht.com
Karen L. Handorf *
Khandorf@cmht.com
COHEN MILSTEIN HAUSFELD
& TOLL, P.L.L.C.
1100 New York Avenue, N.W.
Suite 500, West Tower
Washington, D.C. 20005
(202) 408-4600 (office)
(202) 408 4699 (fax)

*Attorneys for Plaintiffs Gerald Redington and Bennett Toller and for the Proposed Plaintiff Class*

9

Jeremiah A. Collins *
jcollins@bredhoff.com
Douglas L. Greenfield *
dgreenfield@bredhoff.com
Charlotte Garden *
cgarden@bredhoff.com
BREDHOFF & KAISER, P.L.L.C.
805 15th Street, N.W., Suite 1000
Washington, DC  20005
(202) 842-2600

John Stember
jstember@stemberfeinstein.com
Edward Feinstein
efeinstein@stemberfeinstein.com
STEMBER FEINSTEIN
1705 Allegheny Building
429 Forbes Avenue
Pittsburgh, PA  15219
(412) 338-1445

William T. Payne
wpayne@stargate.net
1007 Mt. Royal Blvd.
Pittsburgh, PA  15223
(412) 492-8797

*Attorneys for United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC*

* Admissions *pro hac vice* to be sought for Attorneys Sellers, Machiz, Handorf, Collins, Greenfield and Garden.