ADAMS, J.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| GERALD REDINGTON, et al., ) | CASE NO. 5:07CV1999 |
| ) | |
| Plaintiffs, ) | |
| ) | JUDGE JOHN R. ADAMS |
| v. ) | |
| ) | ORDER |
| THE GOODYEAR TIRE & RUBBER ) | [RESOLVING DOC. 28] |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |

Plaintiffs Gerald C. Redington and Bennett Toller ("Class Representatives") and United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO/CLC, ("the Union") brought this action against defendant The Goodyear Tire & Rubber Company ("Goodyear") challenging Goodyear's announced modification of healthcare benefits provided to former hourly employees represented by the Union and their eligible spouses and dependents and seeking a declaration that Goodyear does not have the right to modify or terminate hourly healthcare benefits. The parties have entered into a Settlement Agreement resolving the plaintiffs' claims in this case. The Class Members who would be bound by this settlement are approximately 30,000 retirees, their spouses, surviving spouses and other eligible dependents.

This action is before the Court upon the Joint Motion of the Parties for (1) Preliminary Approval of Class Action Settlement Agreement, (2) Approval of Proposed Class Notices, and (3) an Order Setting the Date for Class Settlement Fairness Hearing (Doc. 28). The parties in this class action proceeding, having entered into a proposed Settlement Agreement, request that

the Court give preliminary approval to the proposed settlement, approve the form and method of providing notice to the Class of the proposed settlement and of Class Counsel's request for an award of attorney fees and expenses, set dates for objections to the proposed settlement, and set a date for a fairness hearing on the proposed settlement.

The Court has reviewed the Settlement Agreement and exhibits thereto, as well as the submissions of the parties (including the email messages, dated November 16, 2007 and December 12, 2007), and has considered the oral statements of counsel offered during the conferences on November 9, 2007 and December 11, 2007, and HEREBY ORDERS as follows:

The Settlement Agreement is preliminarily approved.  The Court directs that notice of the Settlement Agreement be provided to the Class pursuant to Fed. R. Civ. P. 23(e)(1)(B).

The Court has reviewed the revised forms of the Notice to the Class (DOC219.pdf and DOC040.pdf attached to the email message, dated December 12, 2007) and finds that they comply with the requirements of Fed. R. Civ. P. 23(d), (e) and (h), and fairly present the terms of the Settlement Agreement and the Class Members' rights and responsibilities in the settlement approval process.

1.      By **January 4, 2008**, Goodyear will send the Postcard (DOC033.pdf attached to the email message, dated December 12, 2007) to each identified Class Member by first class mail at his or her current last known address.

2.      By **January 14, 2008**, Goodyear will send the Notice (DOC219.pdf) to each identified Class Member by first class mail at his or her current last known address and publish the shorter form of the Notice (DOC040.pdf) in the Akron Beacon Journal and USA Today.  A Message (DOC034.pdf attached to the email message, dated December 12, 2007) shall appear on

the outside of the notice envelope.  The revised color cover sheet (DOC039.pdf attached to the email message, dated December 12, 2007) shall also be included in the notice packet.  Counsel for Goodyear will file an Affidavit of Mailing with this Court and serve copies of that Affidavit on all counsel prior to the date set for hearing on the Settlement Agreement.

The mailing of the Notice to those Class Members, together with newspaper publication, provides due and sufficient notice of the proceedings, of the proposed settlement, of the settlement approval procedure, and of Class Counsel's request for an award of fees and expenses, thus satisfying the requirements of Fed. R. Civ. P. 23 and the requirements of due process.  The Court finds that such notice is the best notice practicable under the circumstances and will effectuate actual notice to the Class of the settlement and of Class Counsel's fee request.

A hearing will be conducted before this Court on **April 11, 2008, at 1:00 p.m.**, to finally determine the fairness, reasonableness and adequacy of the terms and conditions of the settlement set forth in the Settlement Agreement and Exhibits thereto, and to consider Class Counsel's motion for an award of attorney fees and expenses.  Any Class Member may appear personally or by counsel at the hearing and may object or express his or her view regarding the Settlement Agreement and/or the fee motion.  However, a Class Member will not be heard, nor be entitled to contest the approval by this Court of the Settlement Agreement or the fee motion, unless on or before **March 4, 2008**, he or she files with the Clerk of this Court written objections, together with any papers he or she proposes to submit to this Court at the Settlement Hearing, and on or before that date serves all such objections and other papers on each of the following:  (a) Class Counsel Jori Bloom Naegele, Gary, Naegele & Theado, LLC,

446 Broadway Avenue, Lorain, Ohio 44052-1740; (b) USW counsel, Jeremiah A. Collins, Bredhoff & Kaiser, P.L.L.C., 805 15th Street, N.W., Suite 1000, Washington, D.C. 20005; and (c) Goodyear counsel, Robert S. Walker, Jones Day, North Point, 901 Lakeside Avenue, Cleveland, Ohio 44114-1190.

Any Class Member who does not file and serve his or her objections in this manner will be deemed to have waived his or her objections and will be forever precluded from making any objections to the fairness or adequacy of the proposed Settlement Agreement or to Class Counsel's motion for an award of fees and expenses.

The parties may submit briefs in response to any objection(s) on or before **March 18, 2008**.

The hearing may be continued or adjourned by order of this Court, from time to time, and without further notice to the Class, except that notice will be provided to any Class Member who has timely filed an objection.

| | |
|---|---|
| December 14, 2007 | */s/ John R. Adams* |
| Date | John R. Adams |
| | U.S. District Judge |